UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WHITE,

      Plaintiff,

v.

AUSTYN ZELINSKI et al.,

      Defendants.

Case No. 24-12564

District Judge Judith E. Levy

Magistrate Judge Anthony P. Patti

_____/

## ORDER DENYING PLAINTIFF'S "MOTION AND NOTICE OF SUPPLEMENTAL CLAIMS" (ECF NO. 18)

Plaintiff Mark White, a state prisoner who is proceeding without the assistance of counsel, filed his complaint and application to proceed without prepayment of fees on September 30, 2024.  (ECF No. 1.)  The Court granted Plaintiff's application on October 31, 2024 (ECF No. 8) and issued a temporary stay to refer the case to the Pro Se Prisoner Early Mediation Program.  (ECF No. 10.)  The case did not settle, the stay was lifted (ECF No. 15), and Judge Judith E. Levy referred it to me "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)."  (ECF No. 16.)

Before the Court is a "Motion and Notice of Supplemental Claims to Amend Complaint," filed by Plaintiff on March 28, 2025.  The motion will be denied.

First, it is somewhat unclear what the motion seeks to accomplish.  The motion's title and substance suggest that Plaintiff seeks to amend his complaint to add additional claims.  He states that he "freely admitted in the complaint that administrative remedies had not been exhausted," and that the unexhausted claims should soon be exhausted, and that he should then be able to "add supplemental claims against the three new defendant(s)."  (ECF No. 18, PageID.68.)  However, the Court is not certain, based on the remaining portions of the motion, whether Plaintiff seeks to add fully new counts and defendants, or to amend his pleading to reflect that grievances have now been exhausted. He does not attach a proposed amended complaint to his motion, as is required by the local rules.  *See* E.D. Mich. LR 15.1.  While this is not grounds to deny the motion, a proposed pleading would have aided the Court in determining what precisely Plaintiff is seeking.  In any event, if Plaintiff wants to amend his pleading, he does not require a motion at this stage and can simply file a timely amended pleading.  Federal Rule of Civil Procedure 15 provides that if a pleading is one to which a responsive pleading is required, like a complaint, "[a] party may amend its pleadings once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f) . . ."  Fed. R. Civ. P. 15(a)(1)(B).

As the case is still within this time period, Plaintiff can file an amended pleading without leave of court.

Moreover, the Court is not even entirely sure that Plaintiff seeks to amend his complaint. In Plaintiff's "Relief Requested," he does not ask to amend his complaint. Instead, he asks to hold service in abeyance pending the exhaustion of four grievances, for the Court to "request the Michigan Attorney General to have MDOC expedite the above grievances," and to send the case back to mediation with someone other than Assistant Attorney General Austin C. Raines. The Court is unable to provide any of this relief. First, it is too late to hold service in abeyance when at least two of the Defendants have already filed waivers of service (ECF Nos. 19 & 20.) Second, the Court cannot interfere with the administrative or personnel decisions of the Attorney General, whether that means directing a different attorney to handle mediation or involving the Court in the administration of grievances. Third, the Court will not order parties to mediate against their will; it must be a mutual decision. Nor would the Court be inclined to encourage mediation when the first efforts were not fruitful and there is no reason advanced by Plaintiff why another mediation would be more successful.

In sum, to the extent the Court can decipher what Plaintiff is asking for in his motion, the Court cannot grant the requested relief. To the extent Plaintiff seeks to file an amended pleading, he may still timely do so without leave of court.

3

To the extent he seeks the Court to compel the Attorney General's office to do something, Plaintiff has identified no legal basis for the Court to so order. And to the extent he seeks to hold service in abeyance, service has already been waived by two of the Defendants.

Accordingly, Plaintiff's "Motion and Notice of Supplemental Claims to Amend Complaint" (ECF No. 68) is **DENIED.**

**IT IS SO ORDERED.**[1]

Dated: April 18, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).